UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GEARY GILMORE, #138763

    Petitioner,                            Civil No. 2:09-CV-10110
                                                Honorable Nancy G. Edmunds

v.

SHIRLEE HARRY,

    Respondent.
_____/

**OPINION AND ORDER DENYING PETITIONER'S MOTION TO ALTER OR AMEND JUDGMENT [DKT. 28], DENYING MOTION TO MAKE ADDITIONAL FINDINGS [DKT. 29], AND GRANTING MOTION TO STRIKE NOTICE OF APPEAL [DKT. 32]**

Petitioner Geary Gilmore filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. §2254. The Court granted Respondent's motion for summary judgment, and it dismissed the petition because it was filed after expiration of the one-year statue of limitations under 28 U.S.C. § 2244(d). Pending before the Court are Petitioner's motion to alter or amend judgment [dkt. 28], motion to make additional findings [dkt. 29], and motion to strike notice of appeal [dkt. 32].

In the first two motions, Petitioner asserts that the Court failed to take into account a state court proceeding that he claims affects that statute of limitations calculation. His third motion notes that he put a wrong date on his first notice of appeal, and he has since filed a corrected notice of appeal.

**A. Motion to Alter or Amend and Motion to Make Additional Findings**

Federal Rules of Civil Procedure 52(b) provides that "[o]n a party's motion . . . the court may amend its findings— or make additional findings— and may amend the judgment accordingly. The motion may accompany a motion for a new trial under Rule 59." Fed. R. Civ. P. 52(b). Motions

1

to alter or amend a judgment pursuant to Federal Rule of Civil Procedure 59(e) may be granted only if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice. *GenCorp., Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999). The Sixth Circuit has "repeatedly held that a Rule 59(e) motion 'does not permit parties to . . . re-argue a case' and 'cannot be used to present new arguments that could have been raised prior to judgment.'" *Schellenberg v. Twp. of Bingham*, 436 F. App'x 587, 598 (6th Cir. 2011) (quoting *Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008)).

Petitioner's motions assert that the Court failed to take into account the fact that he filed a motion for an evidentiary hearing in the state courts on July 6, 2004, and that it was pending in the state courts until as late as July 24, 2012. He asserts that this proceeding counts as a properly filed petition for state post-conviction review that tolled the statute of limitations and renders his petition timely.

Petitioner is incorrect. Petitioner filed both a motion for relief from judgment and a motion for evidentiary hearing in the trial court in 2004. On October 18, 2004, the trial court denied both motions. Petitioner attempted to "re-open" the motion, but on July 29, 2005, the trial court issued an order denying relief. Petitioner appealed, and as noted in this Court's opinion granted Respondent's motion for summary judgment, both state appellate courts denied relief. The Michigan Supreme Court's October 31, 2006, order also denied Petitioner's motion for remand in which Petitioner sought an evidentiary hearing. This date is earlier–and therefore less favorable to Petitioner–than the June 1, 2007, starting date this Court used in its opinion granting summary judgment.

Petitioner notes that he re-raised the issue of an evidentiary hearing in a motion he filed with

the trial court on August 15, 2008. Petitioner correctly notes that the issue raised in this motion bounced around in the state courts until his application for leave to appeal was denied by the Michigan Supreme Court on July 24, 2012. But what Petitioner fails to take into account–and as this Court explained in its Opinion–is that this proceeding did not act to toll the limitations period. The state courts ultimately decided that the proceeding constituted a prohibited successive motion for relief from judgment under Michigan Court Rule 6.502(G). Such a proceeding does not toll the limitations period. *Geno v. Metrish*, 393 Fed. Appx. 299, 300, n. 1 (6th Cir. 2010).

Accordingly, Petitioner's motions under Rules 52(b) and 59(e) is **DENIED**.

**B. Motion to Strike Notice of Appeal**

Petitioner states that he put the wrong date on his notice of appeal filed on July 29, 2013. He filed a corrected notice of appeal on August 5, 2013. Petitioner's motion to strike his first notice of appeal is **GRANTED.**

**IT IS SO ORDERED.**

S/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: October 15, 2013

I hereby certify that a copy of the foregoing document was served upon counsel of record on October 15, 2013, by electronic and/or ordinary mail.

S/Johnetta M. Curry-Williams
Case Manager
Acting in the Absence of Carol A. Hemeyer

3