UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GEARY GILMORE,

                      Petitioner,                  Case No.   2:09-cv-10110
                                                              Hon. Nancy G. Edmunds

v.

SHIRLEE HARRY

                      Respondent.
_____/

**ORDER DIRECTING RESPONDENT TO FILE ANSWER TO MOTION TO MAKE ADDITIONAL FINDINGS UNDER RULE 52(B), [Dkt. 58], AND TO FILE ADDITIONAL RULE 5 MATERIALS**

The Court denied Petitioner's application for a writ of habeas corpus on March 30, 2016. Dkt. 56. Presently before the Court is Petitioner's motion to make additional findings filed under Federal Rule of Civil Procedure 52(b). (Dkt. 58). Petitioner asserts that the Court erred in failing to require Respondent to file portions of the state court record necessary to fairly adjudicate his claims. Specifically, Petitioner asserts that his Memorandum of Law filed in the trial court on April 8, 2004, appended with portions of the trial transcripts, "contained everything this Honorable Court needed to hear and determine the facts, and dispose of the matter as law and justice require." Dkt. 58, at 4. Along with his motion, Petitioner took the liberty of filing the missing document with the Court. Id., Appx. B-C.

Petitioner claims that the Court relied upon the state trial court's factual findings in its order denying Petitioner's motion for relief from judgment. Dkt. 47-11. Petitioner correctly notes that the trial court order largely adopted the prosecutor's response to the motion for relief from judgment, a fact noted in this Court's opinion. Dkt. 56, at 6. Petitioner asserts that the attachments to the April 8, 2004, memorandum of law undermine the factual

assertions contained in the state trial court order.

Additionally, among his claims of ineffective assistance of appellate counsel, Petitioner asserts that his counsel failed to argue on direct appeal that the jury was not administered its oath prior to trial. The prosecutor conceded on state collateral review that the trial transcript does not reflect that the oath was administered. See Dkt. 46, at 46; Dkt. 47-2, at 32. The prosecutor argued that at the time of Petitioner's 1974 trial it was possible that the jury oath was noted by the court clerk in the court file or on a work sheet which would have been available to Petitioner's appellate counsel at the time, but the images of the trial court file in Petitioner's case were not preserved on microfilm. See Dkt. 47-2, at 35-36, n. 75; *People v. Livingston*, 57 Mich. App. 726, 734 (1975). The Court accepted this representation and rejected Petitioner's claim on the basis that Petitioner failed to overcome the presumption that appellate counsel rendered effective assistance of counsel. See Dkt. 56, at 12-14. Petitioner asserts that contrary to the prosecutor's representations, a 2014 state trial court order suggests that the state trial court file still exists, and it may indicate one way or the other whether the jury was sworn. See Dkt. 58, at 18.

Rule 5(c) of the Rules Governing Section 2254 Cases states that "the respondent must attach to the answer parts of the transcript that the respondent considers relevant." In addition, "the judge may order that the respondent furnish other parts of existing transcripts or that parts of untranscribed recordings be transcribed and furnished." Rule 5(c), Rules Governing Section 2254 Cases. Respondent filed none of the trial transcripts with the Rule 5 material, presumably because such transcripts are unavailable.

Accordingly, the Court **ORDERS** Respondent within forty-five (45) days of entry of this order to:

2

(1) File an answer to Petitioner's motion to make additional findings. Dkt. 58.

(2) Either furnish a copy of Petitioner's Memorandum of Law Petitioner filed in the trial court on April 8, 2004, with attached trial transcript pages, or affirm that the copy of said document filed with the Court by Petitioner is accurate.

(3) File such additional portions of the trial transcript in existence, if any, that the Respondent considers relevant to address the arguments raised in Petitioner's motion to make additional findings.

(4) Determine whether the trial court case file or a copy thereof is still in existence. If the file exists, then Respondent must file such portions of the file relevant to a determination of whether the jury was administered an oath prior to trial. If the file does not exist, then Respondent must submit in writing the steps taken in attempting to obtain the case file and the reasons supporting its conclusion that the file no longer exists.

**SO ORDERED.**

s/ Nancy G. Edmunds
Honorable Nancy G. Edmunds
United States District Judge

Dated: May 5, 2016